UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL BARTLETT,

    Plaintiff,

v.                                                                         Case No. 1:18-CV-184

KALAMAZOO COMMUNITY                      HON. GORDON J. QUIST
MENTAL HEALTH, et al.,

    Defendants.
_____/

## **OPINION**

Plaintiff, Angel Bartlett, proceeding pro se, has filed a complaint against Kalamazoo Community Mental Health, Portage Behavioral Health, Allegan County, and numerous individuals. Bartlett's complaint, like others she has previously filed before this Court, is rambling, quite difficult to follow, and makes little sense. Bartlett begins her complaint by citing various federal and Michigan criminal statutes and Michigan Rules of Evidence. She then launches into a wandering and incoherent narrative of her experiences in the mental health system and personal issues. Examples include:

- Dr. Mauli Verma lied to the courts and the State of MI Janice Lovett and Michael Baker was using CMH as a tool to get my kids away. They then caused me severe mental illness due to the fact Allegan County wanted my kids.

- I have not been in a steady relationship because they do such bad orders on the person I am with. I can't date without them making really bad actions on the partner. They drive us all crazy. I can't do anything including eat normal they put severe drives on me such as EATING Disorders and make me eat more than usual.

- Angel Schneider-Hopkins also has done severe orders on me and has tried to cover her actions by doing orders of me getting attacked and I then write her.

- The enclosed Planned Parenthood medical record shows a number of things that need to be noted. One is I have been accused of being a prostitute for many years by the State and the police. I do not have any diseases no HIV. It shows I am not pregnant.

- They keep trying to place me in the mental hospital but they cannot. I was almost put in but I called and got an override to get released right away. I was not doing anything wrong and they will not stop.

(ECF No. 1 at PageID.3–6.)

On February 23, 2018, the magistrate judge issued an order granting Plaintiff leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read a *pro se* plaintiff's complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept her allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). The Court concludes that Plaintiff's complaint must be dismissed as required by § 1915(e)(2) because it fails to state a claim.

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to

the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff fails to state a discernable claim. First, many of the statutes Plaintiff cites are criminal statutes that do not provide a private right of action and may not be enforced by private individuals. *See Benton v. Kentucky-Jefferson Cnty. Attorney's Office*, No. 3:14CV-264-S, 2014 WL 3941571, at *2 (W.D. Ky. Aug. 12, 2014) (concluding that the plaintiff could not enforce 18 U.S.C. § 1038—a criminal statute pertaining to false information and hoaxes—as a private citizen); *Traveler v. CSX Transp., inc.*, No. 1:06CV56, 2007 WL 1830807, at *2 (N.D. Ind. June 22, 2007) (holding that 18 U.S.C. §§ 1621 and 1623 are criminal statutes which do not provide a private right of action for damages). Second, although the Court has reviewed Plaintiff's complaint in detail, the Court finds no factual basis for a viable legal claim. Finally, the complaint is replete with references to "people," "they," and "them," but Plaintiff fails to identify any specific person who took an action against her that allegedly violated her rights under the Constitution or a federal statute that provides a private right of action.

The Court also notes that "[a] complaint may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003) (internal quotation marks omitted). For the reasons stated above, the Court also lacks subject matter jurisdiction over Plaintiff's complaint.

In short, although Plaintiff is clearly upset about her involvement and/or treatment in the state mental health system, her complaint provides no basis for relief in this Court.

Accordingly, Plaintiff's complaint will be dismissed.

An Order consistent with this Opinion will be entered.


Dated: March 1, 2018 　　　　　　　　　　　　／s/ Gordon J. Quist　　　　
　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE