# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: August 22, 2018

Ms. Angel Bartlett
P.O. Box 51122
Kalamazoo, MI 49005

      Re: Case No. 18-1319, *Angel Bartlett v. Kalamazoo County CMH Board, et al*
          Originating Case No. : 1:18-cv-00184

Dear Ms. Bartlett:

The Court issued the enclosed Order today in this case.

          Sincerely yours,

          s/Amy E. Gigliotti
          Case Manager
          Direct Dial No. 513-564-7012

cc: Mr. Thomas Dorwin

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 18-1319

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 22, 2018
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ANGEL BARTLETT, ) | |
| ) | |
|    Plaintiff-Appellant, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| KALAMAZOO COUNTY COMMUNITY ) | THE WESTERN DISTRICT OF |
| MENTAL HEALTH BOARD, et al., ) | MICHIGAN |
| ) | |
|    Defendants-Appellees. ) | |
| ) | |

O R D E R

Before: KEITH, BOGGS, and GIBBONS, Circuit Judges.

Angel Bartlett, a pro se Michigan resident, appeals a district court order dismissing her civil-rights complaint. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In February 2018, Bartlett sued Kalamazoo County Community Mental Health Board and several of its employees, Portage Behavioral Health, Allegan County, doctor Mauli Verma, and numerous other individuals. In a rambling and confusing complaint, Bartlett alleged that she had been improperly adjudicated as mentally ill and placed in various mental-health facilities, and that she has been wrongfully accused of being a drug and sex addict. She alleged that she has been raped, molested, tortured, and subjected to "biomedical" treatments that will result in her death if they are not stopped, but fails to identify which parties specifically performed the alleged acts. She claimed that her friends and family have turned against her and assisted in the cover-up

of the harmful treatment to which she has been subjected. A magistrate judge granted Bartlett leave to proceed in forma pauperis.

The district court dismissed the complaint sua sponte pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief could be granted. The district court concluded that Bartlett's complaint should be dismissed because she sought relief pursuant to criminal statutes that do not provide a private right of action and because her allegations failed to set forth a viable legal claim in that she failed to identify specific persons who took actions that violated her constitutional rights. For these same reasons, the district court also concluded that it lacked subject-matter jurisdiction over Bartlett's complaint.

On appeal, Bartlett cursorily reasserts her claims and continues to argue that she has been tortured and raped, and that she is still forced to go to Kalamazoo County Community Mental Health Board for psychiatric treatment.

We review de novo a district court's dismissal of a suit under 28 U.S.C. § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Under § 1915(e)(2)(B), district courts must dismiss any complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id*. at 470. A claim is frivolous when it is based on "fantastic or delusional" factual allegations or on legal theories that are indisputably without merit. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "[T]o survive scrutiny under § . . . 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a pro se litigant is entitled to a liberal construction of her pleadings and filings, our standard of review requires more than the bare assertion of legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). A plaintiff "must allege, with

particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). Likewise, this court reviews de novo a judgment dismissing a complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

The district court properly concluded that Bartlett's allegations failed to state a claim upon which relief could be granted. Bartlett's conclusory assertions that she has been improperly adjudicated as mentally ill and improperly placed in various mental-health facilities are insufficient "to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rather, in many instances, Bartlett merely identified the alleged wrongdoers as "they" or "them" instead of specifying how each named defendant violated her rights under federal law. In addition, she failed to provide any rational allegations specifying how any wrongdoer has taken actions to turn her family and friends against her in support of any effort to have her hospitalized. Next, Bartlett's allegations that she has been raped and tortured are frivolous because they are based on "fantastic or delusional" assertions, including conspiracies and far-fetched theories of harm involving threats on her life, the use of "biomedical execution" and "severe radiation," and allegations that she has been "programmed." *See Neitzke*, 490 U.S. at 327-28. The district court also properly dismissed Bartlett's claims under the various criminal statutes because the statutes do not provide for a private cause of action, and because the decision to prosecute is vested in the sound discretion of the Attorney General. *See Wayte v. United States*, 470 U.S. 598, 607 (1985). For these same reasons, the district court properly concluded that it lacked subject-matter jurisdiction over Bartlett's complaint, because her allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Sua sponte dismissal is appropriate where the plaintiff's "claims lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480.

No. 18-1319
- 4 -

Accordingly, we **AFFIRM** the district court's order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk